UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANFORD SHARP,

          Plaintiff,

                                Case No. 22-cv-11247

v.                                Honorable Linda V. Parker

WILLIAMS PRODUCTS, INC.,

          Defendant.

_____/

## OPINION AND ORDER

This action arises from Plaintiff Stanford Sharp's employment with
Defendant Williams Products, Inc. ("WPI"), where Mr. Sharp continues to be
employed.  After this Court's March 31, 2024 decision on WPI's motion for
summary judgment (*see* ECF No. 20), Mr. Sharp's claims alleging a hostile work
environment based on his race are pending for trial on October 15, 2024.  The
Court granted summary judgment to WPI on Mr. Sharp's claims of a hostile work
environment based on sex.  (*Id.* at PageID. 507.)  To the extent Mr. Sharp was
alleging discrimination independent from his hostile work environment claims, the
Court also found such claims abandoned.  (*Id.* at PageID. 494-95 n. 1).

The matter is presently before the Court on several motions in limine.  (ECF
Nos. 22-26.)  The motions are fully briefed.  The Court addresses them below.

## Applicable Law

"A motion in limine is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Prior to the commencement of trial, courts in this District note that motions in limine serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-cv-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007)).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). District courts have "broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and

2

citation omitted).  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant.  Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low.  *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible.  Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence."  Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514-15 (6th Cir. 1998) (explaining that evidence is inadmissible "if there is a danger of unfair prejudice, not mere prejudice") (emphasis in original).  "District courts enjoy 'broad discretion' in making the prejudice determination."  *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).

## Discussion

## Mr. Sharp's Motions In Limine

## Mr. Sharp's Loan from WPI (ECF No. 22)

During Mr. Sharp's deposition in this matter, WPI's counsel asked him about a personal loan he took from WPI for car repairs in 2019.  (ECF No. 22-1 at PageID. 522.)  According to Mr. Sharp, Kyle Celmo, WPI's Operations Manager, who hired and supervised Mr. Sharp, agreed to the loan.  (*Id.*)  Mr. Sharp seeks to preclude WPI from offering any evidence related to the loan, arguing that such evidence is not relevant and, alternatively, any relevance is outweighed by unfair prejudice.  In his motion, Mr. Sharp does not specify what this prejudice might be. However, in his reply brief, Mr. Sharp asserts that WPI "will attempt to show that [he] had/has dire financial circumstances, attacking his character or motivations for bringing his claims of race discrimination."  (ECF No. 33 at PageID. 735.)

WPI maintains that the loan is relevant, as it establishes and illustrates the relationship Mr. Sharp has and has had with his employer.  According to WPI, the fact that Mr. Sharp entered into such a transaction with WPI demonstrates that he felt comfortable with and trusted his employer.  WPI claims Mr. Sharp did not seek other options for obtaining a loan.  Mr. Sharp argues that such assertions are purely speculative and were not elicited in discovery, and points out that, "[d]uring [Mr. Sharp]'s deposition, [WPI] did not inquire meaningfully into the circumstances leading to [the] loan."  (ECF No. 33 at PageID. 735.)

The Court finds the loan to be relevant.  The loan agreement was executed on August 29, 2019.  (*See* ECF No. 31-1 at PageID. 725.)  This was during the period when Mr. Sharp alleges he was subjected to a hostile work environment due to the comments of a co-worker, complained to Mr. Celmo about the harassment, and was met with an insufficient response.  A reasonable juror could question Mr. Sharp's assertions, concluding that he felt sufficient trust and comfort with his employer to request the loan.  Stated differently, a reasonable juror arguably could disbelieve Mr. Sharp's assertion that he found his employment conditions "abusive" where he felt sufficiently comfortable in his relationship with his employer to request a loan.  A juror may be more persuaded by this evidence if WPI in fact can show that Mr. Sharp did not seek to obtain the loan from another source before requesting it from Mr. Celmo.

5

Undoubtedly, the loan does not prove that Mr. Sharp's claims are unbelievable.  As stated previously, however, "even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the *slightest* probative worth."  *Whittington*, 455 F.3d at 738-39.  Mr. Sharp fails to identify any "unfair prejudice" resulting from the admission of this evidence.  The fact that WPI's counsel did not explore the loan more during Mr. Sharp's deposition is not determinative of its admissibility.

For these reasons, the Court is denying Mr. Sharp's motion to exclude the loan evidence.

**Mr. Sharp's Termination from Previous Employment (ECF No. 23)**

During Mr. Sharp's deposition in this matter, WPI's counsel asked him about his employment history and why he left that employment.  (ECF No. 23-1 at PageID. 531.)  Mr. Sharp indicated that he previously worked for six months at a plant called JG Kern, and that he and a coworker were terminated because they got into an altercation.  (*Id*.)  Mr. Sharp seeks to preclude WPI from introducing evidence of this termination at trial, asserting that it is not relevant and would be unduly prejudicial.

WPI indicates that it would offer the altercation and Mr. Sharp's termination as character evidence of his "workplace demeanor[.]"  (ECF No. 29 at PageID. 702.)  More specifically, WPI maintains that this evidence may show that Mr.

6

Sharp "was a potential factor in any employment conflicts that he complains of." (*Id*.)  WPI also claims the evidence is relevant to Mr. Sharp's truthfulness and credibility.

The Court is at a loss for how Mr. Sharp's termination from a previous job or his altercation with a previous co-worker bears on his truthfulness or credibility. The Court also is at a loss for how any past difficulty getting along with a co-worker is relevant to any of Mr. Sharp's claims here.  This evidence is not even slightly relevant.  It appears to be prior bad act evidence for which no exception applies to be admissible under Federal Rule of Evidence 404(b).

For this reason, the Court is granting Mr. Sharp's motion to exclude this evidence at trial.

### Mr. Sharp's Son's Criminal Matter

Counsel for WPI also asked Mr. Sharp at his deposition about criminal charges brought against his son, Stanford Jr., who was then incarcerated in the Oakland County Jail.  (ECF No. 24-1 at PageID. 541.)  According to WPI, Stanford Jr. was charged with murder in February 2022, pled guilty to manslaughter, and was sentenced in March 2023.  (ECF No. 28 at PageID. 661.) Mr. Sharp's counsel objected to questioning on this subject, arguing it had nothing to do with the case.  (ECF No. 24-1 at PageID. 541.)  For that reason, Mr. Sharp now seeks to exclude this evidence.

At the deposition, WPI's counsel responded to Mr. Sharp's objections, arguing that Stanford Jr.'s situation was relevant to Mr. Sharp's mental state, where Gerald Shiener, M.D., Mr. Sharp's expert witness, concluded in a report that Mr. Sharp was emotionally suffering from the events that took place in the workplace at WPI. (*Id*.) As WPI explains further in response to Mr. Sharp's pending motion, this traumatic event in Mr. Sharp's life—which was happening when Mr. Sharp's expert evaluated him but was not mentioned in the expert's report—undermines Dr. Shiener's conclusion that Mr. Sharp's "pattern of decompensation" could only be explained by "a depressive reaction caused by his work experience. (*See* ECF No. 26-7 at PageID. 635.)

The Court finds the evidence concerning Stanford Jr. relevant to the emotional distress damages Mr. Stanford seeks in this case. The evidence also is relevant to challenge Dr. Shiener's expert opinion. This conclusion is not undermined by the failure of WPI's counsel to inquire further at Mr. Sharp's deposition about how he was impacted mentally or emotionally by his son's circumstances, particularly where Mr. Sharp's counsel cut off questioning on the subject. And, Mr. Sharp asserts prejudice without articulating precisely what undue prejudice outweighs the probative value of this evidence.

For these reasons, Mr. Sharp's motion to preclude the admission of this evidence at trial is denied.

**Prior Wage Garnishment**

During Mr. Sharp's deposition, WPI's counsel also asked him whether his wages were ever garnished.  (ECF No. 25-1 at PageID. 550.)  Mr. Sharp responded:  "Just the one that I've taken care of recently."  (*Id*.)  Mr. Sharp now seeks to preclude WPI from offering evidence at trial of a prior garnishment for the non-payment of a debt.

WPI argues that this prior garnishment is relevant as a possible alternative stressor in Mr. Sharp's life and his mental state.  According to WPI, it might undermine that Mr. Sharp's working conditions at WPI were the cause of the emotional distress he is claiming in this case.  WPI offers the Request and Writ for Garnishment filed in a Michigan state court against Mr. Sharp on August 31, 2022. (*See* ECF No. 32-1 at PageID. 731.)  This was two months before Dr. Shiener evaluated Mr. Sharp on October 27, 2022.  (ECF No. 26-7 at PageID. 635.)  The writ of garnishment was mailed or delivered to Mr. Sharp on October 24.  (*See* ECF No. 32-1 at PageID. 732.)

Given this timing, the Court concludes that WPI should be able to offer the garnishment to undermine Dr. Shiener's opinion that only the workplace conditions at WPI could explain Mr. Sharp's mental state and distress.  The evidence is relevant, and Mr. Sharp fails to specifically articulate undue prejudice caused by its introduction.

The Court, therefore, is denying Mr. Sharp's motion to exclude the garnishment evidence.

## WPI's Motion in Limine

In its motion in limine, WPI seeks to preclude Mr. Sharp from introducing evidence relevant to: (a) claims dismissed or deemed abandoned in the Court's summary judgment decision; (b) his alleged economic damages; (c) his alleged emotional distress damages; and (d) WPI's insurance coverage for Mr. Sharp's claims. WPI also seeks to preclude Mr. Sharp from introducing an alleged audio recording.

In response to the motion, Mr. Sharp indicates that he does not intend to offer evidence of wage-loss damages or WPI's insurance coverage. The Court concludes from Mr. Sharp's response that WPI's request to exclude this evidence is moot.

The Court is granting WPI's request to preclude Mr. Sharp from offering evidence to support his dismissed and abandoned claims, which included his claim of discrimination in the form of unequal treatment because of his race. In response to WPI's motion, Mr. Sharp argues that statements and conduct found by the Court to have been "based on" Mr. Sharp's race are admissible and relate to discrimination. However, the evidence Mr. Sharp refers to relates to his hostile

work environment discrimination claim.  WPI is not contending that this evidence is irrelevant or inadmissible.

### Non-Economic Damages

WPI argues that Mr. Sharp should be precluded from claiming non-economic damages because Dr. Shiener's report does not properly assess Mr. Sharp's mental state as it relies exclusively on his Complaint and no medical records were reviewed by Dr. Shiener or produced by Mr. Sharp.  WPI also points out that Mr. Sharp testified at his deposition that he has never treated with anyone for mental or emotional health  issues.  (ECF No. 17-4 at PageID. 183, 199.) Further, WPI argues that Mr. Sharp's counsel cut off questioning relevant to his mental state and that Mr. Sharp failed to answer Interrogatories regarding damages.

WPI offers no legal argument for why Dr. Shiener's opinion should be excluded for the reasons argued.[1]  Challenges to Dr. Shiener's assessment, including the lack of medical records and/or mental health treatment supporting it, can be raised on cross examination.  The Court does not read the portion of the transcript from Mr. Sharp's deposition which WPI cites as indicating that his counsel precluded WPI's counsel from exploring Mr. Sharp's mental or emotional distress or related damages.  If WPI's counsel believed the objections from Mr.

---

[1] Notably, WPI never filed a *Daubert* motion challenging Dr. Shiener's expert opinion.

Sharp's counsel were inappropriate and wanted to explore this category of damages further, or if WPI took issue with Mr. Sharp's discovery responses, it could have pursued a proper discovery motion under the Federal Rules of Civil Procedure. WPI cannot sit back and then use the claimed improper objections and insufficient discovery responses as a reason to preclude Mr. Sharp from presenting evidence regarding this category of damages at trial.

Lastly, WPI seeks to preclude Mr. Sharp from offering an audio recording of when he requested a copy of the written complaint he gave to Mr. Celmo which outlined the comments and conduct supporting his hostile work environment claim. WPI argues that Mr. Sharp cannot satisfy the requirements for introducing such a recording, particularly to demonstrate its authenticity. However, Mr. Sharp indicates in response to WPI's motion that he can satisfy the requirements for the recording's admissibility. If he can do so before attempting to introduce it, WPI demonstrates no other reason to preclude it.

## Conclusion

For the reasons stated, the Court is **DENYING** Mr. Sharp's motions in limine to preclude evidence regarding his personal loan from WPI (ECF No. 22), his son's criminal charge (ECF No. 24), and the garnishment of his wages (ECF No. 25). The Court **GRANTS** Mr. Sharp's motion in limine to preclude evidence

regarding his prior termination.  (ECF No. 23.)  The Court **GRANTS IN PART AND DENIES IN PART** WPI's motion in limine.  (ECF No. 26.)

      **IT SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 17, 2024